TotteN, J.,
delivered tbe opinion of tbe court.
Tbe prisoner, a negro slave, was indicted in tbe circuit court of Scott, for an assault with intent to commit a rape on Myra Looper, a |free white woman. Tbe venue was changed to tbe county of Morgan, and then it was changed to tbe county of Fentress. At tbe October term of tbe circuit court of Fentress, tbe prisoner was tried and convicted of said offence. He moved for a new trial and in arrest, which motions were severally overruled, and judgment of death pronounced against him, whereon, be. appealed in error to this court.
Several errors are assigned in argument by tbe prisoner’s counsel.
First. That tbe record sent from tbe circuit court of Scott to tbe circuit court of Morgan, is not duly au-' tbenticated, there being no seal to the Clerk's certificate. It is true, that records of courts in tbe same State are proved by exemplifications under tbe seal of tbe court, and attestation of tbe clerk. And it is said that a record so proved, is deemed of higher credit than a sworn copy, as having passed under a more exact critical examination. Vail vs. Smith, 4 Cowen, 71. Peporn vs. Jenkins, 2 Johns. Cases, 118. 1 GreenLeaf Ev., 502.
Tbe Attorney General insists on tbe contrary, that tbe seal of tbe court was not necessary, because tbe court to which tbe record was sent, could notice judicially that tbe person who certified and attested tbe record, was tbe clerk of said court, and cases , in civil suits are referred to in support of this position. Stinson’s lessee vs. Russell, 2 Tenn. R., 42. Burton vs. *16 Pettybone, 5 Yerg. E., 444. See also, Bennett vs. The State, M. & Yer., 133. 1 Greenlf. Ev. sec. 6.
It is certainly true that the courts will judicially re-cognise the public officers of the State, under whose laws and organization they act, as the chief executive, the heads of departments; .judges of courts of general jurisdiction; attorneys for the State, sheriffs, and we see no reason why the clerks of the courts should not also be included. 1 Greenlf. Ev., sec. 6. Rex vs. Jones, 2 Camp., 121 Bennett vs. The State, M. & Yerg., 133.
Be this, however, as it may, we observe that when the case came to the circuit coiu’t of Morgan, the prisoner was put on his trial — an attempt, which proved ineffectual, was made to procure a jury, and thereon the venue was changed to the county of Eentress. Now, in this proceeding, counsel for the prisoner made no objection to the verity of the record or to the manner of its authentication, and this we consider a waiver of the objection, if indeed it could be made at all.
Second. The error next assigned is, that the transcript of the record was not “entered in full upon the minutes” of the circuit court of Morgan, as required by the act of 1839, ch. 9, sec. 2, on a change of venue.
In Adams vs. The State, 1 Swan R., 466, the transcript was entered of record in the progress of procuring a jury, and the court say, “the directions of the statute ordering the transcript to be executed upon the records of the circuit court of the county to which the venue may be changed, was sufficiently complied with.” It was not, therefore, a thing necessary to be done to *17 confer upon the court jurisdiction of the cause. Vid. State vs. Calhoun, 8 Hum. R.
We consider tbis statute to be merely directory, and that the omission of the court to comply with it, will not vitiate its judgment. The intention was to preserve the record from casualty and loss, and it is the duty of the court to comply with its provisions. But whether the record be copied on the minutes or not, is a matter of no interest or prejudice to the prisoner. We may observe further, that this construction conforms to the policy of recent legislation on practice in criminal cases. Yid. Acts, 1852, c. 256.
Third. Objection is made to the conviction on the merits of the case. We have carefully considered the case as set forth in the bill of exceptions, and certainly it contains much cogent proof tending to establish the guilt of the prisoner. But it seems to us, from what is stated in the record, that portions of the case, perhaps material, have been omitted. The record of the proof is brief, .imperfect, and in some respects obscure.
The identity of the prisoner with the person who committed the assault, is a point on which, as it seems to us, more full -and satisfactory proof may be adduced.
We are not content to affirm the conviction in the' present state of the case, and remand it with the prisoner for ‘ another trial.
Judgment reversed and cause remanded.